UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAMEH ELMIHI, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:25-CV-00025 |
| | § | |
| PAYPAL HOLDINGS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"). (D.E. 45). The M&R recommends that the Court grant Defendant's motion to compel arbitration, (D.E. 39), stay this case pending the outcome of arbitration, and deny all of Plaintiff's pending motions, (D.E. 14; D.E. 18; D.E. 27), as moot. (D.E. 45, p. 27). Plaintiff filed written objections to the M&R. (D.E. 47).

### I. Legal Standard

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). "Where the objecting party simply reiterates its original arguments, review of the memorandum and recommendation may permissibly be for clear error only." *Arceneaux v. City of Houston*, 4:23-cv-904, 2024 WL 5247204, at *1 (S.D. Tex. Dec. 30, 2024) (Eskridge, J.). When a

party raises a new argument in their objections that was not presented to the magistrate judge in the first instance, that argument is not properly before the Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992).

## II. Analysis

Petitioner raises numerous objections to the M&R. (D.E. 47). Although these objections are interwoven, with the same objections appearing multiple times at various points in Plaintiff's filing,[1] the Court distills eight unique objections and addresses each in turn.[2]

### A. Plaintiff's objection that the scope of the arbitration agreement is narrow.

First, Plaintiff objects that "[b]ecause the [arbitration agreement] lacks any explicit reference to statutory whistleblower claims or ERISA interference claims, those claims fall outside its scope." (D.E. 47, p. 3); *see also id.* at 5 (arguing the arbitration agreement "does not explicitly cover statutory whistleblower claims" (emphasis omitted)). Plaintiff's objection lacks merit.

The M&R correctly found that "because the parties have 'clearly and unmistakably' agreed to arbitrate arbitrability, the issue of whether [Plaintiff's] claim[s] fall[] within the scope of arbitration is one for the arbitrator, not the [C]ourt." (D.E. 45, p. 15). The arbitration agreement states that "[t]he arbitrator shall have the authority to determine if an issue or claim is subject to this arbitration obligation[.]" (D.E. 39-1, p. 6). That language is sufficient to grant the arbitrator power to determine arbitrability. *See Hous. Refin., L.P. v. United Steel, Paper & Forestry, Rubber, Mfg.*, 765 F.3d 396, 410 n.28 (5th Cir. 2014) ("[A]n arbitration agreement need not recite verbatim that the 'parties agree to arbitrate arbitrability' in order to manifest 'clear and unmistakable'

---

[1] Aside from Plaintiff's occasional repetition, and considering Plaintiff's pro se status, the Court commends Plaintiff for providing well-researched objections. The Court is particularly impressed with Plaintiff's ability to properly cite cases and other authorities in accordance with Bluebook citation rules.

[2] The Court **OVERRULES** any other objections as lacking sufficient particularity. *Pelko*, 2024 WL 1972896, at *1.

agreement.") (citing *Petrofac, Inc. v. DynMcDermott Petroleum Operations*, 687 F.3d 671, 675 (5th Cir. 2012)). Plaintiff did not specifically object to this finding.

"Additionally, the adoption of specific arbitration rules—such as JAMS—shows that a party knowingly intended to arbitrate gateway issues of arbitrability." *Maravilla v. Gruma Corp.*, 783 Fed. App'x 392, 396 (5th Cir. 2019) (per curiam) (first citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 79 (2010) (Stevens, J., dissenting); and then citing *Cooper v. WestEnd Cap. Mgmt., L.C.C.*, 832 F.3d 534, 536 (5th Cir. 2016)). The arbitration agreement Plaintiff signed references JAMS several times throughout. (D.E. 39-1, p. 6–7) ("The parties understand and agree that the arbitration shall be confidential and shall be conducted by a single neutral arbitrator through JAMS in accordance with the then current JAMS Employment Arbitration Rules and Procedures provided.")

Finally, because the arbitration agreement Plaintiff signed is written broadly, its scope should be interpreted broadly:

> An arbitration clause that mandates arbitration of "any dispute, controversy or claim arising out of or in relation to or in connection with [an] [a]greement" is a broad arbitration clause capable of expansive reach. . . . embrac[ing] all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute.

*SDB Trade Int'l, L.P. v. E&E Grp., LLC*, No. H-08-226, 2008 WL 11397907, at *5 (S.D. Tex. May 15, 2008) (Hittner, J.) (quoting *Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998)). The arbitration agreement Plaintiff signed uses exceptionally inclusive language when describing the types of claims subject to the arbitration agreement. *See* (D.E. 39-1, p. 5). Therefore, the scope of the arbitration clause must be read expansively. *See SDB Trade Int'l, L.P.*, 2008 WL 11397907, at *5.

Accordingly, the Court **OVERRULES** Plaintiff's first objection.

### B. Plaintiff's objection that Defendant waived arbitration.

Second, Plaintiff objects that Defendant "has clearly waived any right to compel arbitration." (D.E. 47, p. 8) (emphasis omitted). Plaintiff's objection, however, merely rehashes arguments the M&R already considered and rejected. *Compare id.* at 5–8, 13 (arguing Defendant's litigation conduct indicates waiver), *with* (D.E. 42, p. 5–9, 11) (arguing same); *see also* (D.E. 45, p. 23–24) (M&R considering and rejecting Plaintiff's waiver argument). The Court therefore need only review this portion of the M&R for clear error. *Arceneaux*, 2024 WL 5247204, at *1. Finding none,[3] the Court **OVERRULES** Plaintiff's second objection.

### C. Plaintiff's objection that Defendant's counsel made an unauthorized appearance.

Third, Plaintiff objects that Defendant "permitted an attorney with no notice of appearance to argue on its behalf" in violation of the Court's Local Rules. (D.E. 47, p. 6). Plaintiff correctly points out that Defendant's Counsel argued at a status conference before Magistrate Judge Hampton prior to filing a notice of appearance. August 28, 2025 Minute Entry. However, at that status conference, Magistrate Judge Hampton directed Defendant's Counsel to file a notice of appearance, *id.*, which he did the very next day, (D.E. 41). Although compliance with the Court's Local Rules is of paramount importance, the fact that the motion was argued by an attorney who had not yet filed a notice of appearance has no impact on the Court's review of the M&R's analysis. Accordingly, the Court **OVERRULES** Plaintiff's third objection.

---

[3] Given Plaintiff's pro se status, the Court has also conducted a de novo review of Plaintiff's second objection. "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999) (citation and internal quotation marks omitted). Defendant sought to compel arbitration at the outset of this litigation, (D.E. 9), and Defendant's only filings unrelated to arbitration are responsive to Plaintiff's other motions. In other words, Defendant has only invoked the judicial process when necessary to switch this case into the arbitral forum. That conduct falls well short of the standard for waiver. *Cf. Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577–79 (5th Cir. 1991) (finding that the defendant had not waived its right to compel arbitration despite a thirteen-month delay and some participation in discovery).

### D. Plaintiff's objection that his ERISA claim is non-arbitrable.

Fourth, Plaintiff objects that his ERISA claim[4] "falls squarely within the narrow but critical exception where arbitration cannot apply." (D.E. 47, p. 9). That is because, Plaintiff contends, Plaintiff "seeks injunctive and prospective relief," which an arbitrator lacks authority to enforce, thereby preventing Plaintiff from "effectively vindicat[ing] the statutory right in the arbitral forum." *Id.* at 9–10. Plaintiff's objection lacks merit.

Whether a party can effectively vindicate their rights through arbitration turns on whether "the arbitral forum in a particular case is an adequate and accessible substitute to litigation[.]" *Coronado v. D.N.W. Hous., Inc.*, No. H-13-2179, 2015 WL 5781375, at *7 (S.D. Tex. Sept. 30, 2015) (Rosenthal, J.) (citation omitted). Plaintiff has provided no reason that the arbitral forum is inaccessible, and, to the extent Plaintiff is concerned about the ability to obtain injunctive relief, the arbitration agreement here specifically grants the arbitrator with "the authority . . . to award any legal or equitable relief authorized by law in connection with the asserted claim." (D.E. 39-1, p. 6); *see also Am. Cent. E. Tex. Gas Co. v. Union Pac. Res. Grp., Inc.*, 93 Fed. App'x 1, *12 (5th Cir. 2004) (affirming an arbitrator's award of injunctive relief). Along similar lines, to the extent Plaintiff is worried about ongoing enforcement of a potential future injunction, several circuit courts have recognized the authority of district courts to "confirm and enforce" an arbitrator's award of temporary equitable relief. *Arrowhead Glob. Sols., Inc. v. Datapath, Inc.*, 166 Fed. App'x 39, 44 (4th Cir. 2006) (collecting cases); 29 U.S.C. § 1401(b)(2). Accordingly, the Court **OVERRULES** Plaintiff's fourth objection.

---

[4] The M&R noted that Plaintiff's amended complaint "removes all references to ERISA." (D.E. 45, p. 15 n.2). Plaintiff objects to this finding, arguing that "[a]t no point did Plaintiff intend to, or actually, remove his ERISA claim." (D.E. 47, p. 8). As the M&R addressed the arbitrability of Plaintiff's ERISA claim anyway, (D.E. 45, p. 15–16), the Court need not resolve the question of whether Plaintiff removed the ERISA claim.

### F. Plaintiff's objection that his claims are statutorily exempt from arbitration.

Fifth, Plaintiff objects that his whistleblower retaliation claim implicates the non-arbitration provision of the Sarbanes-Oxley Act. (D.E. 47, p. 10–13). Plaintiff's amended complaint alleges a whistleblower retaliation claim pursuant to the Dodd-Frank Act, 15 U.S.C. § 78u-6(h)(1). (D.E. 35, p. 5). Plaintiff does not allege a whistleblower retaliation claim under the related Sarbanes-Oxley Act, 18 U.S.C. § 1514A. *See* (D.E. 35).

Although both the Dodd-Frank Act and the Sarbanes-Oxley Act contain similar whistleblower protections, only Sarbanes-Oxley features an express anti-arbitration provision insofar as whistleblower protections are concerned. 18 U.S.C. § 1514A(e)(2) ("No predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section."); *see* 15 U.S.C. § 78u-6 (lacking an anti-arbitration provision in Dodd-Frank's whistleblower section).[5] Neither party objected to the M&R's specific finding that Congress's omission of the anti-arbitration provision from Dodd-Frank whistleblower protections was intentional and, therefore, the anti-arbitration provision applies exclusively to Sarbanes-Oxley whistleblower claims, not Dodd-Frank whistleblower claims. (D.E. 45, p. 18–20). At the heart of this objection, then, is Plaintiff's request that the Court liberally construe Plaintiff's amended complaint to include a Sarbanes-Oxley whistleblower claim.

Plaintiff argues that his "factual allegations plainly implicate [the Sarbanes-Oxley Act]"

---

[5] To be clear, Dodd Frank does include several distinct anti-arbitration provisions, but those provisions are cabined within separate, non-whistleblower, sections. 7 U.S.C. § 26(n)(2) ("No predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising *under this section*." (emphasis added)); 12 U.S.C. § 5567(d)(2) ("[N]o predispute arbitration agreement shall be valid or enforceable to the extent that it requires arbitration of a dispute arising *under this section*." (emphasis added)). When the Court references Dodd Frank's lack of an anti-arbitration provision, then, it refers specifically to 15 U.S.C. § 78u-6, Dodd Frank's whistleblower-protection section.

and, therefore, "as a pro se litigant," the Court should liberally construe his amended complaint to include a Sarbanes-Oxley claim. (D.E. 47, p. 12). Courts must liberally construe pro se litigants' filings. *Weathers v. Hous. Methodist Hosp.*, 116 F.4th 324, 328 (5th Cir. 2024). After reviewing both the private right of action contained within the Sarbanes-Oxley Act, 18 U.S.C. § 1514A(a)–(b), and the factual allegations underpinning Plaintiff's amended complaint, (D.E. 35, p. 2–5), the Court construes Plaintiff's amended complaint as bringing a Sarbanes-Oxley whistleblower claim. As such, Plaintiff's Sarbanes-Oxley claim is non-arbitrable pursuant to the anti-arbitration provision. 18 U.S.C. § 1514A(e)(2). Accordingly, the Court **SUSTAINS** Plaintiff's fifth objection insofar as it relates to his construed Sarbanes-Oxley claim.

### G. Plaintiff's objection that his claims are exempt as a matter of public policy.

Sixth, Plaintiff objects at several points that public policy considerations underlying his claims preclude arbitration. *See* (D.E. 47, p. 11–12, 14–19). In essence, Plaintiff argues that a "federal statute or policy renders the claims nonarbitrable." *Dealer Comp. Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 886 (5th Cir. 2009) (citation omitted). "Parties should be held to an agreement to arbitrate statutory claims 'unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory right at issue.'" *Edwards v. Experian Info. Sols., Inc.*, No. DR-24-CV-00021-AM-MHW, 2024 WL 4328773, at *4 (W.D. Tex. Aug. 1, 2024) (Watters, Mag. J.) (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)), *adopted*, No. DR-24-CV-00021-AM, 2024 WL 4329034 (W.D. Tex. Aug. 30, 2024) (Moses, J.).

Plaintiff advances three sets of policy arguments—the first concerns Plaintiff's whistleblower claims (Dodd-Frank and Sarbanes-Oxley), the second concerns Plaintiff's Age Discrimination in Employment Act (ADEA) claim, and the third concerns Plaintiff's *Sabine Pilot* claim.

First, Plaintiff argues that because his "allegations involve global cybersecurity risks and [personally identifiable information] exposure," (D.E. 47, p. 11), as well as "issues of public safety, consumer privacy, investor protection, and national security," *id.* at 18, compelling Plaintiff to arbitrate his whistleblower claims "would force such matters into secrecy, precisely contrary to the transparency and accountability Congress mandated when enacting whistleblower protections," *id.* This argument is misguided. The Court has already exempted Plaintiff's Sarbanes-Oxley claim from arbitration pursuant to the statute's anti-arbitration provision. *Supra* II.H. And, as the M&R rightfully pointed out, Congress intentionally omitted any anti-arbitration provision from Dodd-Frank claims. (D.E. 45, p. 18–20); *see also supra* II.F. Presumably, Congress already accounted for Plaintiff's cited policy concerns when drafting its whistleblower protection statutes, chose to prohibit arbitration for one class of whistleblower claims (Sarbanes-Oxley), yet simultaneously chose to allow arbitration for another class of whistleblower claims (Dodd-Frank). Given this signal of congressional intent, the Court will not bar arbitration of Plaintiff's Dodd-Frank claims for Plaintiff's cited policy concerns.

Second, Plaintiff argues that "[f]orcing arbitration [of ADEA claims] would improperly privatize enforcement of rights Congress intended to protect through both individual and public mechanisms." (D.E. 47, p. 14). Plaintiff also raises concerns that ADEA, as a civil rights law, "may [not] be effectively enforced through arbitration." *Id.* As another district court recognized, however, these "argument[s] ha[ve] been soundly rejected." *Bessan v. Taco-Cabana L.P.*, No. 3:17-CV-1753-M-BK, 2018 WL 1611398, at *2 (N.D. Tex. Mar. 12, 2018) (Toliver, Mag. J.) (first citing *Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229, 230 (5th Cir. 1991); and then citing *Gilmer*, 500 U.S. at 27 ("We do not perceive any inherent inconsistency between [important social policies furthered by the ADEA], however, and enforcing agreements to arbitrate age

discrimination claims." (alteration in original))), *adopted*, 2018 WL 1609677 (N.D. Tex. Apr. 3, 2018) (Lynn, J.).

Third, Plaintiff argues that his *Sabine-Pilot* claim should be exempt from arbitration because "it is a public policy safeguard protecting employees from being forced into crime." (D.E. 47, p. 17). *Sabine Pilot* is "a Texas common law exception to the employment at will doctrine." *Zachary v. Countrywide Fin. Corp.*, No. H-08-0214, 2008 WL 11490471, at *3 (S.D. Tex. Oct. 7, 2008) (Smith, Mag. J.), *adopted*, 2008 WL 11490468 (S.D. Tex. Nov. 9, 2008) (Hughes, J.). As the M&R already highlighted, "[a]rbitration of claims under *Sabine Pilot* violates no federal law or policy. (D.E. 45, p. 22) (first citing *Zachary*, 2008 WL 11490471, at *3; and then citing *Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001)). Plaintiff attempts to distinguish *Zachary*, arguing that his claims "involve illegal access to global [personally identifiable information] data and security violations, [therefore] raising issues of federal law and national security." (D.E. 47, p. 16). That distinction makes no difference; Plaintiff's *Sabine Pilot* claim is based on state common law, even if the action Plaintiff was asked to perform would allegedly violate federal law. There is, therefore, still no federal policy implicated under *Sabine Pilot*. *Zachary*, 2008 WL 11490471, at *3.

Accordingly, the Court **OVERRULES** Plaintiff's sixth objection.

### H. Plaintiff's objection requesting limited discovery.

Seventh, Plaintiff objects by requesting "limited discovery to clarify the scope, intent, and enforceability of the arbitration agreement." (D.E. 47, p. 20). Discovery is unnecessary as to scope and intent because, as the Court found above, the question of arbitrability in this case is one for the arbitrator. *Supra* II.A. Nor is discovery needed as to enforceability because the Court can conclude based on the M&R and briefs alone that "a valid agreement to arbitrate exists." *Lopez de*

*Leon v. Sanderson Farms Inc.*, 632 F. Supp. 3d 726, 732–33 (S.D. Tex. 2022) (Eskridge, J.); *Edwards v. Doordash, Inc.*, 888 F.3d 738, 743–44 (5th Cir. 2018).[6] Accordingly, the Court **OVERRULES** Plaintiff's seventh objection.

### I. Plaintiff's objection that his pending motions should be granted.

Eighth, Plaintiff objects that it was error for the M&R to recommend denying Plaintiff's other pending motions, (D.E. 14); (D.E. 18); (D.E. 27), as moot, (D.E. 47, p. 21–23). Plaintiff's objection is general and conclusory, but, nevertheless, the Court analyzes each of Plaintiff's pending motions individually and de novo.

The Court **DENIES** Plaintiff's motion for preliminary injunction, (D.E. 14), because Plaintiff has not shown a likelihood of success on the merits. Plaintiff alleges that he "has stated viable ERISA claims," (D.E. 14, p. 2), but Plaintiff must demonstrate "[m]ore than a mere possibility of success on the merits" to warrant a preliminary injunction. *Quintanilla v. United States*, 582 Fed. App'x 412, 414 (5th Cir. 2014) (per curiam).

The Court **DENIES** Plaintiff's motion to preserve evidence, (D.E. 18), as unnecessary. "The duty to preserve material evidence exists throughout the litigation." *Duque v. Werner Enters., Inc.*, No. L-05-183, 2007 WL 998156, at *3 (S.D. Tex. Mar. 30, 2007) (Arce-Flores, Mag. J.). The ability of the Court to impose sanctions for destruction of evidence, *id.*, obviates the need for a separate order granting Plaintiff's motion to preserve evidence.

---

[6] The M&R explains that Plaintiff "signed a 'Mutual Arbitration Agreement' ('Agreement') with [Defendant] on July 6, 2022." (D.E. 45, p. 2) (citing D.E. 39, p. 3). The M&R then goes on to reproduce the pertinent sections of that agreement. *Id.* at 2–4. Plaintiff never contests the contractual validity of the agreement itself. *See generally* (D.E. 47). And, as "[t]he Fifth Circuit observes, 'It is a widely accepted principle of contracts that one who signs or accepts a written instrument will normally be bound in accordance with its written terms." *Lopez de Leon*, 632 F. Supp. 3d at 733 (quoting *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 538 (5th Cir. 2003)). Thus, the Court finds that a valid arbitration agreement exists.

Finally, the Court **DENIES** Plaintiff's motion to bar arbitration based on waiver, (D.E. 27), as Plaintiff's motion features the same arguments contained within Plaintiff's objections to the M&R, *compare id.*, *with* (D.E. 47), which the Court has already addressed.

Accordingly, the Court **OVERRULES** Plaintiff's eighth objection.

### J. Staying Plaintiff's non-arbitrable claims.

Because the Court construed Plaintiff's amended complaint to include a Sarbanes-Oxley claim, *supra* II.F, Plaintiff's active complaint now includes a mix of arbitrable and non-arbitrable claims. Historically, when faced with a mix of arbitrable and non-arbitrable claims, the Fifth Circuit denied arbitration and stayed the arbitrable claims pending resolution of the non-arbitrable claims through litigation. *Aus. Mun. Sec., Inc. v. Nat'l Ass'n of Sec. Dealers*, 757 F.2d 676, 696–97 (5th Cir. 1985). The Supreme Court rejected that approach, holding that the Federal Arbitration Act ("FAA") "requires district courts to compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). Indeed, the Supreme Court recently bolstered that position, holding that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). After considering the M&R's recommendation, Plaintiff's pro se status, the inconvenience of maintaining separate claims in different forums, and controlling Supreme Court precedents, the Court **STAYS** all claims in this case, including Plaintiff's non-arbitrable Sarbanes-Oxley claim.

### III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the

11 / 12

applicable law, and having made a de novo review of the portions of the M&R to which Petitioner's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's first, second, third, fourth, sixth, seventh, and eighth objections, **SUSTAINS** Plaintiff's fifth objection, and **ADOPTS** the findings and conclusions of the M&R, (D.E. 45). Accordingly, the Court **GRANTS** Defendant's motion to compel arbitration except as to Plaintiff's Sarbanes-Oxley claim, (D.E. 39), **STAYS** all claims in this case—including Plaintiff's non-arbitrable Sarbanes-Oxley claim—pending the outcome of arbitration, and **DENIES** Plaintiff's pending motions, (D.E. 14); (D.E. 18); (D.E. 27). The Court **ORDERS** the parties to file a joint status report no later than ten (10) days after the conclusion of arbitration.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
January 13, 2026